

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JULIO ANTONIO AMARILLA,         )
                                )
         Plaintiff,             )    3:10-cv-0552-LRH-RAM
                                )
vs.                             )
                                )    **ORDER**
DAVID MAR, *et al.*,            )
                                )
         Defendants.            )
_____/

Before the Court are Defendant's Petition for Removal (Docket #1), Plaintiff's Pro Se Civil Rights Complaint (Docket #1, Exhibit A) and Defendants' Statement of Removal (Docket #5), and Defendants' Removal Status Report (Docket #3).

I.   **Removal of this Action was Proper**

Plaintiff, an inmate at Northern Nevada Correctional Center, filed a *pro se* civil rights complaint in the Seventh Judicial District Court of the State of Nevada in the County of White Pine. Defendant Mar was served on or about August 10, 2010. Defendants filed a Notice of Removal in this Court on September 9, 2010 (Docket #1). "The district courts shall have original jurisdiction of all civil actions under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff has alleged a violation of his rights under the U.S. Constitution. Defendants appropriately removed the action to this Court pursuant to 28 U.S.C. § 1441, as this Court has original jurisdiction over the claims raised in the complaint.

## II. Screening of the Complaint

The complaint must be screened pursuant to 28 U.S.C. §1915A. Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 42 U.S.C. § 1997e(c)(1), (2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard when reviewing the adequacy of a complaint or amended complaint.

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less

stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).

In the instant complaint, plaintiff alleges that he has previously been examined by specialists, including an orthopaedic doctor who all conclude that plaintiff requires knee surgery. He further alleges that the defendant "has refused to arrange for the surgery or to take any action for such surgery." Plaintiff alleges this failure to act constitutes deliberate indifference to a serious medical need violating his rights under the Eighth and Fourteenth Amendments.

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. *Farmer v. Brennan*, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." *Id.*

Plaintiff fails to identify how the failure to arrange for the knee surgery has exposed him to an excessive risk to his health or safety. He does not inform the court or the defendants of what will happen if he is not given the surgery. Mere denial of surgery is insufficient to state a claim. The complaint shall be dismissed with leave to amend.

**IT IS THEREFORE ORDERED** that the Clerk shall detach and file the complaint (docket #1, Exhibit B), which is **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND.**

**IT IS FURTHER ORDERED** plaintiff shall be granted thirty days from the date of entry of this order to file and serve upon counsel for the defendant an amended complaint addressing

3

1 the deficiency noted herein.  Failure to file the amended complaint in a timely manner will result in
2 entry of judgment and the closure of this action.

DATED:  December 15, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

4